J. J. McHATTON, ET AL *v.* GEORGE I. FORD, ET AL.

**Infants—Sale of Lands for Division.**

   A division of infants' lands, on a petition of the husband of one, and father of the other, as next friend, will be set aside, where an appointment of a guardian ad litem, is not served.

**Petition—Pleading Must Confirm to Requirements of Code.**

   Where it is not shown in a petition by a father, as next friend, for a division of infants' lands, that he was a joint tenant, nor co-parcener with his children, nor that he holds the estate in trust for them, and their estate is different in timed duration, the court would have no jurisdiction, and the petition should be dismissed.

APPEAL FROM OWEN CIRCUIT COURT.

September 21, 1870.

OPINION OF THE COURT BY JUDGE PETERS:

This proceeding to sell the reversionary interest of infants in town lots with improvements' thereon in the town of Owenton, conforms neither to the requirements of *Chap. 85* of the *Revised Statutes,* nor to *Sec. 543* of the *Civil Code.*

Although there appears in the transcript a statement of two persons that a division of the lots mentioned would seriously impair the value of them that statement is not sworn to—the title papers under which the infants claim are not filed, the suit is brought in the name of the minors by the husband of the one and the father as their next friends; and while it appears that Mr. Lillard was appointed to take charge of the infants, but ignoring any authority to take care of their interests except inferentially, it does not appear that he was notified of the appointment, or that he acted in any way. The court, before ordering a sale of the property should have the title papers filed, so as to determine for itself the extent and character of the estate of the infants, how it was held, and had its value ascertained by its own commissioners so as to judge correctly as to the interest of the infants—But beside all this the section of the *Civil Code, supra,* does not embrace this case as stated in the petition—the

father is neither a joint tenant, tenant in common, nor caparcner —their estates are different in timed duration—consequently the court had no jurisdiction of the case stated in the petition— Wherefore the judgment is *reversed* and the cause remanded with directions to dismiss the petition. The appellees are here resisting the reversal—and it appears that they appeared in the court below and resisted the motion to set aside the sale, they should therefore pay the costs in this court, but the dismissal in the court below should be without costs—the guardians *ad litem* paying plaintiffs' costs.

*Craddock & Trabue,* for appellants.

*Drane,* for appellees.